**EASTERN DISTRICT OF NORTH CAROLINA**

**RALEIGH DIVISION**

**In re: | Chapter 7**
**JOHN ADAM KOZAK, | Case No. 24-04051-5-PWM**
**Debtor. |**
**| Adv. Proc. No. 26-00078-5-PWM**
**UNITED STATES OF AMERICA, |**
**acting through the |**
**U.S. SMALL BUSINESS ADMINISTRATION, |**
**|**
**Plaintiff, |**
**|**
**v. |**
**|**
**JOHN ADAM KOZAK, |**
**|**
**Defendant. |**

**DEFENDANT'S ANSWER TO COMPLAINT**

**Defendant John Adam Kozak ("Defendant"), appearing pro se, answers the Complaint of Plaintiff United States of America, acting through the U.S. Small Business Administration, as follows:**

**1. Defendant admits the allegations contained in Paragraph 1.**

**2. Defendant admits the allegations contained in Paragraph 2.**

**3. Defendant admits the allegations contained in Paragraph 3.**

**4. Defendant admits the allegations contained in Paragraph 4.**

**5. Defendant admits the allegations contained in Paragraph 5.**

**6. Defendant admits the allegations contained in Paragraph 6.**

**7. Defendant admits the allegations contained in Paragraph 7.**

**8. Defendant admits that 15 U.S.C. § 636(b)(2) generally authorizes the Small Business Administration ("SBA") to make Economic Injury Disaster Loans under certain circumstances. Defendant denies the remaining allegations contained in Paragraph 8.**

**9. Defendant admits that the CARES Act was enacted in or around March 2020 and that the SBA was granted additional authority and funding related to the COVID-19 pandemic. Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations contained in Paragraph 9 and therefore denies the same.**

**10. Defendant lacks knowledge or information sufficient to admit or deny the allegations regarding the SBA's internal loan calculation methodology and therefore denies the same.**

**11. Defendant admits that EIDL proceeds were generally intended for working capital purposes. Defendant denies the remaining allegations contained in Paragraph 11.**

**12. Defendant admits that the EIDL loan documents contained language substantially similar to that quoted in Paragraph 12. Defendant denies Plaintiff's allegation that Defendant violated those certifications or otherwise engaged in any wrongdoing.**

**13. Defendant admits that the CARES Act established the Paycheck Protection Program and that the SBA was granted authority relating to administration of the program. Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations contained in Paragraph 13 and therefore denies the same.**

**14. Defendant admits that PPP applicants were generally required to submit applications and provide payroll-related information in support of eligibility. Defendant admits that participating lenders processed PPP loan applications and that PPP loans were generally subject to forgiveness requirements established by applicable law and program guidance. Defendant denies the remaining allegations contained in Paragraph 14.**

**15. Defendant admits that participating lenders processed PPP loan applications and that approved PPP loans were generally funded by participating lenders and guaranteed by the SBA. Defendant admits that information from PPP loan applications was generally transmitted to the SBA during the loan and forgiveness process. Defendant denies the remaining allegations contained in Paragraph 15.**

**16.** The allegations contained in Paragraph 16 state legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations.

**17.** The allegations contained in Paragraph 17 state legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations.

**18.** The allegations contained in Paragraph 18 state legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations.

**19.** The allegations contained in Paragraph 19 state legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations.

**20.** The allegations contained in Paragraph 20 state legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations.

**21.** Defendant admits that Articles of Organization for 108 Deal, LLC were submitted to the North Carolina Secretary of State on or about May 28, 2019, and admits that he was listed as the registered agent.

**22.** Defendant admits that 108 Deal, LLC was owned approximately 98% by Stellar Beach Rentals LLC and approximately 2% by Defendant. Defendant further admits that he was the owner of Stellar Beach Rentals LLC.

**23.** The allegations contained in Paragraph 23 state legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations.

**24.** Defendant admits that 108 Deal, LLC was administratively dissolved by the North Carolina Secretary of State on or about May 27, 2025.

**25.** Defendant admits that an EIDL application for 108 Deal, LLC was submitted to the SBA on or about April 1, 2020, and admits that he was listed as the primary contact for 108 Deal, LLC. Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations regarding the specific preparation and submission process and therefore denies the same.

**26.** Defendant admits that on or about July 14, 2020, he electronically signed a Loan Authorization and Agreement on behalf of 108 Deal, LLC and that the SBA approved an EIDL in the amount of approximately $33,000.00.

**27.** Defendant admits that on or about July 14, 2020, he executed a promissory note and security agreement on behalf of 108 Deal, LLC in connection with the EIDL.

**28.** Defendant admits that the Loan Authorization and Agreement contains language substantially similar to that quoted in Paragraph 28. Defendant denies Plaintiff's allegation that any certification made by Defendant was false.

**29.** Defendant admits that the application reflected gross receipts/sales of approximately $68,000.00 and costs of goods sold of $0.00. Defendant denies Plaintiff's allegation that those representations were false and denies the remaining allegations contained in Paragraph 29.

**30.** Defendant admits that the application reflected rental property losses of approximately $68,000.00. Defendant denies Plaintiff's allegation that such figure was improper, inflated, false, or otherwise rendered the application ineligible.

**31.** Defendant denies the allegations contained in Paragraph 31.

**32.** Defendant denies the allegations contained in Paragraph 32.

**33.** Defendant admits that the SBA disbursed approximately $32,900.00 in EIDL proceeds for 108 Deal, LLC and that approximately $100.00 was withheld for fees. Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations concerning the SBA's internal processing and therefore denies the same.

**34.** Defendant admits that the Loan Authorization and Agreement contained provisions concerning the use of EIDL proceeds but denies Plaintiff's allegation that Defendant or 108 Deal, LLC violated those provisions.

**35.** Defendant denies the allegations contained in Paragraph 35.

**36.** Defendant admits that Articles of Organization for 112 Deal, LLC were submitted to the North Carolina Secretary of State on or about May 28, 2019, and admits that he was listed as the registered agent.

**37.** Defendant admits that 112 Deal, LLC was owned approximately 98% by Stellar Beach Rentals LLC and approximately 2% by Defendant. Defendant further admits that he was the owner of Stellar Beach Rentals LLC.

**38.** The allegations contained in Paragraph 38 state legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations.

**39.** Defendant admits that 112 Deal, LLC was administratively dissolved by the North Carolina Secretary of State on or about May 27, 2025.

**40.** Defendant admits that an EIDL application for 112 Deal, LLC was submitted to the SBA on or about April 1, 2020, and admits that he was listed as the primary contact for 112 Deal, LLC. Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations regarding the specific preparation and submission process and therefore denies the same.

**41.** Defendant admits that on or about July 16, 2020, he electronically signed a Loan Authorization and Agreement on behalf of 112 Deal, LLC and that the SBA approved an EIDL in the amount of approximately $33,000.00.

**42.** Defendant admits that on or about July 16, 2020, he executed a promissory note and security agreement on behalf of 112 Deal, LLC in connection with the EIDL.

**43.** Defendant admits that the Loan Authorization and Agreement contains language substantially similar to that quoted in Paragraph 43. Defendant denies Plaintiff's allegation that any certification made by Defendant was false.

**44.** Defendant admits that the application reflected gross receipts/sales of approximately $68,000.00 and costs of goods sold of $0.00. Defendant denies Plaintiff's allegation that those representations were false and denies the remaining allegations contained in Paragraph 44.

**45.** Defendant admits that the application reflected rental property losses of approximately $68,000.00. Defendant denies Plaintiff's allegation that such figure was improper, inflated, false, or otherwise rendered the application ineligible.

**46.** Defendant denies the allegations contained in Paragraph 46.

**47.** Defendant denies the allegations contained in Paragraph 47.

**48.** Defendant admits that the SBA disbursed approximately $32,900.00 in EIDL proceeds for 112 Deal, LLC and that approximately $100.00 was withheld for fees. Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations concerning the SBA's internal processing and therefore denies the same.

**49.** Defendant admits that the Loan Authorization and Agreement contained provisions concerning the use of EIDL proceeds but denies Plaintiff's allegation that Defendant or 112 Deal, LLC violated those provisions.

**50.** Defendant denies the allegations contained in Paragraph 50.

**51.** Defendant admits that an application for an increase in EIDL funding was submitted for 112 Deal, LLC on or about January 15, 2022, and admits that the application was denied. Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations concerning the SBA's internal review and decision-making process and therefore denies the same.

**52.** Defendant admits that Articles of Organization for 113 Deal Dr, LLC were submitted to the North Carolina Secretary of State on or about November 6, 2018, and admits that he was listed as the registered agent.

**53.** Defendant admits that 113 Deal Dr, LLC was owned approximately 98% by Stellar Beach Rentals LLC and approximately 2% by Defendant. Defendant further admits that he was the owner of Stellar Beach Rentals LLC.

**54.** The allegations contained in Paragraph 54 state legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations.

**55.** Defendant admits that 113 Deal Dr, LLC was administratively dissolved by the North Carolina Secretary of State on or about May 27, 2025.

**56.** Defendant admits that an EIDL application for 113 Deal Dr, LLC was submitted to the SBA on or about April 1, 2020, and admits that he was listed as the primary contact for 113 Deal Dr, LLC. Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations regarding the specific preparation and submission process and therefore denies the same.

**57.** Defendant admits that on or about July 17, 2020, he electronically signed a Loan Authorization and Agreement on behalf of 113 Deal Dr, LLC and that the SBA approved an EIDL in the amount of approximately $39,500.00.

**58.** Defendant admits that on or about July 17, 2020, he executed a promissory note and security agreement on behalf of 113 Deal Dr, LLC in connection with the EIDL.

**59.** Defendant admits that the Loan Authorization and Agreement contains language substantially similar to that quoted in Paragraph 59. Defendant denies Plaintiff's allegation that any certification made by Defendant was false.

**60.** Defendant admits that the application reflected gross receipts/sales of approximately $81,000.00 and costs of goods sold of $0.00. Defendant admits that the 2019 tax documents reflected gross revenue of approximately $17,518.00. Defendant denies Plaintiff's allegation that the representations contained in the application were false and denies the remaining allegations contained in Paragraph 60.

**61.** Defendant admits that the application reflected rental property losses of approximately $81,000.00. Defendant denies Plaintiff's allegation that such figure was improper, inflated, false, or otherwise rendered the application ineligible.

**62.** Defendant denies the allegations contained in Paragraph 62.

**63.** Defendant denies the allegations contained in Paragraph 63.

**64.** Defendant admits that the SBA disbursed approximately $39,400.00 in EIDL proceeds for 113 Deal Dr, LLC and that approximately $100.00 was withheld for fees. Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations concerning the SBA's internal processing and therefore denies the same.

**65.** Defendant admits that the Loan Authorization and Agreement contained provisions concerning the use of EIDL proceeds but denies Plaintiff's allegation that Defendant or 113 Deal Dr, LLC violated those provisions.

**66.** Defendant denies the allegations contained in Paragraph 66.

**67.** Defendant admits that Articles of Organization for 114 Deal Dr, LLC were submitted to the North Carolina Secretary of State on or about November 1, 2018, and admits that he was listed as the registered agent.

**68.** Defendant admits that 114 Deal Dr, LLC was owned approximately 98% by Stellar Beach Rentals LLC and approximately 2% by Defendant. Defendant further admits that he was the owner of Stellar Beach Rentals LLC.

**69.** The allegations contained in Paragraph 69 state legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations.

**70.** Defendant admits that 114 Deal Dr, LLC was administratively dissolved by the North Carolina Secretary of State on or about May 27, 2025.

**71.** Defendant admits that an EIDL application for 114 Deal Dr, LLC was submitted to the SBA on or about April 1, 2020, and admits that he was listed as the primary contact for 114 Deal Dr, LLC. Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations regarding the specific preparation and submission process and therefore denies the same.

**72.** Defendant admits that on or about July 14, 2020, he electronically signed a Loan Authorization and Agreement on behalf of 114 Deal Dr, LLC and that the SBA approved an EIDL in the amount of approximately $39,500.00.

**73.** Defendant admits that on or about July 14, 2020, he executed a promissory note and security agreement on behalf of 114 Deal Dr, LLC in connection with the EIDL.

**74.** Defendant admits that the Loan Authorization and Agreement contains language substantially similar to that quoted in Paragraph 74. Defendant denies Plaintiff's allegation that any certification made by Defendant was false.

**75.** Defendant admits that the application reflected gross receipts/sales of approximately $81,000.00 and costs of goods sold of $0.00. Defendant admits that the 2019 tax documents reflected gross revenue of approximately $0.00. Defendant denies Plaintiff's allegation that the representations contained in the application were false and denies the remaining allegations contained in Paragraph 75.

**76.** Defendant admits that the application reflected rental property losses of approximately $81,000.00. Defendant denies Plaintiff's allegation that such figure was improper, inflated, false, or otherwise rendered the application ineligible.

**77.** Defendant denies the allegations contained in Paragraph 77.

**78.** Defendant denies the allegations contained in Paragraph 78.

**79.** Defendant admits that the SBA disbursed approximately $39,400.00 in EIDL proceeds for 114 Deal Dr, LLC and that approximately $100.00 was withheld for fees. Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations concerning the SBA's internal processing and therefore denies the same.

**80.** Defendant admits that the Loan Authorization and Agreement contained provisions concerning the use of EIDL proceeds but denies Plaintiff's allegation that Defendant or 114 Deal Dr, LLC violated those provisions.

**81.** Defendant denies the allegations contained in Paragraph 81.

**82.** Defendant admits that Articles of Organization for 115 Deal Dr, LLC were submitted to the North Carolina Secretary of State on or about May 17, 2018, and admits that he was listed as the registered agent.

**83.** Defendant admits that 115 Deal Dr, LLC was owned approximately 98% by Stellar Beach Rentals LLC and approximately 2% by Defendant. Defendant further admits that he was the owner of Stellar Beach Rentals LLC.

**84.** The allegations contained in Paragraph 84 state legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations.

**85.** Defendant admits that 115 Deal Dr, LLC was administratively dissolved by the North Carolina Secretary of State on or about May 27, 2025.

**86.** Defendant admits that an EIDL application for 115 Deal Dr, LLC was submitted to the SBA on or about April 1, 2020, and admits that he was listed as the primary contact for 115 Deal Dr, LLC. Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations regarding the specific preparation and submission process and therefore denies the same.

**87.** Defendant admits that on or about July 15, 2020, he electronically signed a Loan Authorization and Agreement on behalf of 115 Deal Dr, LLC and that the SBA approved an EIDL in the amount of approximately $39,500.00.

**88.** Defendant admits that on or about July 15, 2020, he executed a promissory note and security agreement on behalf of 115 Deal Dr, LLC in connection with the EIDL.

**89.** Defendant admits that the Loan Authorization and Agreement contains language substantially similar to that quoted in Paragraph 89. Defendant denies Plaintiff's allegation that any certification made by Defendant was false.

**90.** Defendant admits that the application reflected gross receipts/sales of approximately $81,000.00 and costs of goods sold of $0.00. Defendant admits that the 2019 tax documents reflected gross revenue of approximately $10,303.00. Defendant denies Plaintiff's allegation that the representations contained in the application were false and denies the remaining allegations contained in Paragraph 90.

**91.** Defendant admits that the application reflected rental property losses of approximately $81,000.00. Defendant denies Plaintiff's allegation that such figure was improper, inflated, false, or otherwise rendered the application ineligible.

**92.** Defendant denies the allegations contained in Paragraph 92.

**93.** Defendant denies the allegations contained in Paragraph 93.

**94.** Defendant admits that the SBA disbursed approximately $39,400.00 in EIDL proceeds for 115 Deal Dr, LLC and that approximately $100.00 was withheld for fees. Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations concerning the SBA's internal processing and therefore denies the same.

**95.** Defendant admits that the Loan Authorization and Agreement contained provisions concerning the use of EIDL proceeds but denies Plaintiff's allegation that Defendant or 115 Deal Dr, LLC violated those provisions.

**96.** Defendant denies the allegations contained in Paragraph 96.

**97.** Defendant admits that Articles of Organization for 116 Deal Dr, LLC were submitted to the North Carolina Secretary of State on or about November 1, 2018, and admits that he was listed as the registered agent.

**98.** Defendant admits that 116 Deal Dr, LLC was owned approximately 98% by Stellar Beach Rentals LLC and approximately 2% by Defendant. Defendant further admits that he was the owner of Stellar Beach Rentals LLC.

**99.** The allegations contained in Paragraph 99 state legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations.

**100.** Defendant admits that 116 Deal Dr, LLC was administratively dissolved by the North Carolina Secretary of State on or about May 27, 2025.

**101.** Defendant admits that an EIDL application for 116 Deal Dr, LLC was submitted to the SBA on or about April 1, 2020, and admits that he was listed as the primary contact for 116 Deal Dr, LLC. Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations regarding the specific preparation and submission process and therefore denies the same.

**102.** Defendant admits that on or about July 14, 2020, he electronically signed a Loan Authorization and Agreement on behalf of 116 Deal Dr, LLC and that the SBA approved an EIDL in the amount of approximately $39,500.00.

**103.** Defendant admits that on or about July 14, 2020, he executed a promissory note and security agreement on behalf of 116 Deal Dr, LLC in connection with the EIDL.

**104.** Defendant admits that the Loan Authorization and Agreement contains language substantially similar to that quoted in Paragraph 104. Defendant denies Plaintiff's allegation that any certification made by Defendant was false.

**105.** Defendant admits that the application reflected gross receipts/sales of approximately $81,000.00 and costs of goods sold of $0.00. Defendant admits that the 2019 tax documents reflected gross revenue of approximately $0.00. Defendant denies Plaintiff's allegation that the representations contained in the application were false and denies the remaining allegations contained in Paragraph 105.

**106.** Defendant admits that the application reflected rental property losses of approximately $81,000.00. Defendant denies Plaintiff's allegation that such figure was improper, inflated, false, or otherwise rendered the application ineligible.

**107.** Defendant denies the allegations contained in Paragraph 107.

**108.** Defendant denies the allegations contained in Paragraph 108.

**109.** Defendant admits that the SBA disbursed approximately $39,400.00 in EIDL proceeds for 116 Deal Dr, LLC and that approximately $100.00 was withheld for fees. Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations concerning the SBA's internal processing and therefore denies the same.

**110.** Defendant admits that the Loan Authorization and Agreement contained provisions concerning the use of EIDL proceeds but denies Plaintiff's allegation that Defendant or 116 Deal Dr, LLC violated those provisions.

**111.** Defendant denies the allegations contained in Paragraph 111.

**112.** Defendant admits that Articles of Organization for 117 Deal Dr, LLC were submitted to the North Carolina Secretary of State on or about November 6, 2018, and admits that he was listed as the registered agent.

**113.** Defendant admits that 117 Deal Dr, LLC was owned approximately 98% by Stellar Beach Rentals LLC and approximately 2% by Defendant. Defendant further admits that he was the owner of Stellar Beach Rentals LLC.

**114.** The allegations contained in Paragraph 114 state legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations.

**115.** Defendant admits that 117 Deal Dr, LLC was administratively dissolved by the North Carolina Secretary of State on or about May 27, 2025.

**116.** Defendant admits that an EIDL application for 117 Deal Dr, LLC was submitted to the SBA on or about April 1, 2020, and admits that he was listed as the primary contact for 117 Deal Dr, LLC. Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations regarding the specific preparation and submission process and therefore denies the same.

**117.** Defendant admits that on or about July 15, 2020, he electronically signed a Loan Authorization and Agreement on behalf of 117 Deal Dr, LLC and that the SBA approved an EIDL in the amount of approximately $39,500.00.

**118.** Defendant admits that on or about July 15, 2020, he executed a promissory note and security agreement on behalf of 117 Deal Dr, LLC in connection with the EIDL.

**119.** Defendant admits that the SBA disbursed approximately $39,400.00 in EIDL proceeds for 117 Deal Dr, LLC and that approximately $100.00 was withheld for fees. Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations concerning the SBA's internal processing and therefore denies the same.

**120.** Defendant admits that the Loan Authorization and Agreement contained provisions concerning the use of EIDL proceeds but denies Plaintiff's allegation that Defendant or 117 Deal Dr, LLC violated those provisions.

**121.** Defendant denies the allegations contained in Paragraph 121.

**122.** Defendant admits that Articles of Organization for 117 Ocean, LLC were submitted to the North Carolina Secretary of State on or about May 24, 2017, and admits that he was listed as the registered agent.

**123.** Defendant admits that 117 Ocean, LLC was owned approximately 98% by Stellar Beach Rentals LLC and approximately 2% by Defendant. Defendant further admits that he was the owner of Stellar Beach Rentals LLC.

**124.** The allegations contained in Paragraph 124 state legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations.

**125.** Defendant admits that 117 Ocean, LLC was administratively dissolved by the North Carolina Secretary of State on or about May 27, 2025.

**126.** Defendant admits that an EIDL application for 117 Ocean, LLC was submitted to the SBA on or about April 1, 2020, and admits that he was listed as the primary contact for 117 Ocean, LLC.

Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations regarding the specific preparation and submission process and therefore denies the same.

**127.** Defendant admits that on or about July 14, 2020, he electronically signed a Loan Authorization and Agreement on behalf of 117 Ocean, LLC and that the SBA approved an EIDL in the amount of approximately $90,000.00.

**128.** Defendant admits that on or about July 14, 2020, he executed a promissory note and security agreement on behalf of 117 Ocean, LLC in connection with the EIDL.

**129.** Defendant admits that the Loan Authorization and Agreement contains language substantially similar to that quoted in Paragraph 129. Defendant denies Plaintiff's allegation that any certification made by Defendant was false.

**130.** Defendant admits that the application reflected gross receipts/sales of approximately $182,000.00 and costs of goods sold of $0.00. Defendant admits that the 2019 tax documents reflected gross revenue of approximately $168,322.00. Defendant denies Plaintiff's allegation that the representations contained in the application were false and denies the remaining allegations contained in Paragraph 130.

**131.** Defendant admits that the application reflected rental property losses of approximately $182,000.00. Defendant denies Plaintiff's allegation that such figure was improper, inflated, false, or otherwise rendered the application ineligible.

**132.** Defendant denies the allegations contained in Paragraph 132.

**133.** Defendant denies the allegations contained in Paragraph 133.

**134.** Defendant admits that the SBA disbursed approximately $89,900.00 in EIDL proceeds for 117 Ocean, LLC and that approximately $100.00 was withheld for fees. Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations concerning the SBA's internal processing and therefore denies the same.

**135.** Defendant admits that the Loan Authorization and Agreement contained provisions concerning the use of EIDL proceeds but denies Plaintiff's allegation that Defendant or 117 Ocean, LLC violated those provisions.

**136.** Defendant denies the allegations contained in Paragraph 136.

**137.** Defendant admits that Articles of Organization for 119 Ocean, LLC were submitted to the North Carolina Secretary of State on or about December 19, 2017, and admits that he was listed as the registered agent.

**138.** Defendant admits that 119 Ocean, LLC was owned approximately 98% by Stellar Beach Rentals LLC and approximately 2% by Defendant. Defendant further admits that he was the owner of Stellar Beach Rentals LLC.

**139.** The allegations contained in Paragraph 139 state legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations.

**140.** Defendant admits that 119 Ocean, LLC was administratively dissolved by the North Carolina Secretary of State on or about May 27, 2025.

**141.** Defendant admits that an EIDL application for 119 Ocean, LLC was submitted to the SBA on or about April 1, 2020, and admits that he was listed as the primary contact for 119 Ocean, LLC. Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations regarding the specific preparation and submission process and therefore denies the same.

**142.** Defendant admits that on or about July 16, 2020, he electronically signed a Loan Authorization and Agreement on behalf of 119 Ocean, LLC and that the SBA approved an EIDL in the amount of approximately $90,000.00.

**143.** Defendant admits that on or about July 16, 2020, he executed a promissory note and security agreement on behalf of 119 Ocean, LLC in connection with the EIDL.

**144.** Defendant admits that the Loan Authorization and Agreement contains language substantially similar to that quoted in Paragraph 144. Defendant denies Plaintiff's allegation that any certification made by Defendant was false.

**145.** Defendant admits that the application reflected gross receipts/sales of approximately $182,000.00 and costs of goods sold of $0.00. Defendant admits that the 2019 tax documents reflected gross revenue of approximately $173,098.00. Defendant denies Plaintiff's allegation that the representations contained in the application were false and denies the remaining allegations contained in Paragraph 145.

**146.** Defendant admits that the application reflected rental property losses of approximately $182,000.00. Defendant denies Plaintiff's allegation that such figure was improper, inflated, false, or otherwise rendered the application ineligible.

**147.** Defendant denies the allegations contained in Paragraph 147.

**148.** Defendant denies the allegations contained in Paragraph 148.

**149.** Defendant admits that the SBA disbursed approximately $89,900.00 in EIDL proceeds for 119 Ocean, LLC and that approximately $100.00 was withheld for fees. Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations concerning the SBA's internal processing and therefore denies the same.

**150.** Defendant admits that the Loan Authorization and Agreement contained provisions concerning the use of EIDL proceeds but denies Plaintiff's allegation that Defendant or 119 Ocean, LLC violated those provisions.

**151.** Defendant denies the allegations contained in Paragraph 151.

**152.** Defendant admits that Articles of Organization for 407 Sunset, LLC were submitted to the North Carolina Secretary of State on or about February 6, 2018, and admits that he was listed as the registered agent.

**153.** Defendant admits that 407 Sunset, LLC was owned approximately 98% by Stellar Beach Rentals LLC and approximately 2% by Defendant. Defendant further admits that he was the owner of Stellar Beach Rentals LLC.

**154.** The allegations contained in Paragraph 154 state legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations.

**155.** Defendant admits that an EIDL application for 407 Sunset, LLC was submitted to the SBA on or about April 1, 2020, and admits that he was listed as the primary contact for 407 Sunset, LLC. Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations regarding the specific preparation and submission process and therefore denies the same.

**156.** Defendant admits that on or about July 17, 2020, he electronically signed a Loan Authorization and Agreement on behalf of 407 Sunset, LLC and that the SBA approved an EIDL in the amount of approximately $34,500.00.

**157.** Defendant admits that on or about July 17, 2020, he executed a promissory note and security agreement on behalf of 407 Sunset, LLC in connection with the EIDL.

**158.** Defendant admits that the Loan Authorization and Agreement contains language substantially similar to that quoted in Paragraph 158. Defendant denies Plaintiff's allegation that any certification made by Defendant was false.

**159.** Defendant admits that the application reflected gross receipts/sales of approximately $71,000.00 and costs of goods sold of $0.00. Defendant admits that the 2019 tax documents reflected gross revenue of approximately $0.00. Defendant denies Plaintiff's allegation that the representations contained in the application were false and denies the remaining allegations contained in Paragraph 159.

**160.** Defendant admits that the application reflected rental property losses of approximately $71,000.00. Defendant denies Plaintiff's allegation that such figure was improper, inflated, false, or otherwise rendered the application ineligible.

**161.** Defendant denies the allegations contained in Paragraph 161.

**162.** Defendant denies the allegations contained in Paragraph 162.

**163.** Defendant admits that the SBA disbursed approximately $34,400.00 in EIDL proceeds for 407 Sunset, LLC and that approximately $100.00 was withheld for fees. Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations concerning the SBA's internal processing and therefore denies the same.

**164.** Defendant admits that the Loan Authorization and Agreement contained provisions concerning the use of EIDL proceeds but denies Plaintiff's allegation that Defendant or 407 Sunset, LLC violated those provisions.

**165.** Defendant denies the allegations contained in Paragraph 165.

**166.** Defendant admits that 611 Marathon Canal LLC is a Florida limited liability company and admits that Articles of Organization were submitted to the Florida Secretary of State on or about March 8, 2018.

**167.** Defendant admits that 611 Marathon Canal LLC was owned approximately 98% by Stellar Beach Rentals LLC and approximately 2% by Defendant. Defendant further admits that he was the owner of Stellar Beach Rentals LLC.

**168.** The allegations contained in Paragraph 168 state legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations.

**169.** Defendant admits that 611 Marathon Canal LLC was administratively dissolved on or about September 26, 2025.

**170.** Defendant admits that an EIDL application for 611 Marathon Canal LLC was submitted to the SBA on or about April 1, 2020, and admits that he was listed as the primary contact for 611 Marathon Canal LLC. Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations regarding the specific preparation and submission process and therefore denies the same.

**171.** Defendant admits that on or about July 15, 2020, he electronically signed a Loan Authorization and Agreement on behalf of 611 Marathon Canal LLC and that the SBA approved an EIDL in the amount of approximately $150,000.00.

**172.** Defendant admits that on or about July 15, 2020, he executed a promissory note and security agreement on behalf of 611 Marathon Canal LLC in connection with the EIDL.

**173.** Defendant admits that the Loan Authorization and Agreement contains language substantially similar to that quoted in Paragraph 173. Defendant denies **Plaintiff's allegation** that any certification made by Defendant was false.

**174.** Defendant admits that the application reflected gross receipts/sales of approximately $336,222.00 and costs of goods sold of $0.00. Defendant admits that the 2019 tax documents reflected gross revenue of approximately $166,345.00. Defendant denies **Plaintiff's allegation** that the representations contained in the application were false and denies the remaining allegations contained in Paragraph 174.

**175.** Defendant admits that the application reflected rental property losses of approximately $336,222.00. Defendant denies **Plaintiff's allegation** that such figure was improper, inflated, false, or otherwise rendered the application ineligible.

**176.** Defendant denies the allegations contained in Paragraph 176.

**177.** Defendant denies the allegations contained in Paragraph 177.

**178.** Defendant admits that the SBA disbursed approximately $149,900.00 in EIDL proceeds for 611 Marathon Canal LLC and that approximately $100.00 was withheld for fees. Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations concerning the SBA's internal processing and therefore denies the same.

**179.** Defendant admits that the Loan Authorization and Agreement contained provisions concerning the use of EIDL proceeds but denies **Plaintiff's allegation** that Defendant or 611 Marathon Canal LLC violated those provisions.

**180.** Defendant denies the allegations contained in Paragraph 180.

**181.** Defendant admits that an application for an increase in EIDL funding was submitted for 611 Marathon Canal LLC on or about May 13, 2021, and admits that the application was denied. Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations concerning the SBA's internal review and decision-making process and therefore denies the same.

**182.** Defendant admits that 88 Tingler Lane, LLC is a Florida limited liability company and admits that Articles of Organization were submitted to the Florida Secretary of State on or about July 20, 2018.

**183.** Defendant denies the allegations contained in Paragraph 183. Defendant affirmatively alleges that 88 Tingler Lane, LLC was not owned by Stellar Beach Rentals LLC as alleged and denies the ownership percentages stated therein.

**184.** The allegations contained in Paragraph 184 state legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations.

**185.** Defendant admits that 88 Tingler Lane, LLC was administratively dissolved on or about September 26, 2025.

**186.** Defendant admits that an EIDL application for 88 Tingler Lane, LLC was submitted to the SBA on or about April 1, 2020, and admits that he was listed as the primary contact for 88 Tingler Lane, LLC. Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations regarding the specific preparation and submission process and therefore denies the same.

**187.** Defendant admits that on or about July 14, 2020, he electronically signed a Loan Authorization and Agreement on behalf of 88 Tingler Lane, LLC and that the SBA approved an EIDL in the amount of approximately $43,200.00.

**188.** Defendant admits that on or about July 14, 2020, he executed a promissory note and security agreement on behalf of 88 Tingler Lane, LLC in connection with the EIDL.

**189.** Defendant admits that the Loan Authorization and Agreement contains language substantially similar to that quoted in Paragraph 189. Defendant denies **Plaintiff's allegation** that any certification made by Defendant was false.

**190.** Defendant admits that the application reflected gross receipts/sales of approximately $88,333.00 and costs of goods sold of $0.00. Defendant admits that the 2019 tax documents reflected gross revenue of approximately $0.00. Defendant denies **Plaintiff's allegation** that the representations contained in the application were false and denies the remaining allegations contained in Paragraph 190.

**191.** Defendant admits that the application reflected rental property losses of approximately $88,333.00. Defendant denies **Plaintiff's allegation** that such figure was improper, inflated, false, or otherwise rendered the application ineligible.

**192.** Defendant denies the allegations contained in Paragraph 192.

**193.** Defendant denies the allegations contained in Paragraph 193.

**194.** Defendant admits that the SBA disbursed approximately $43,100.00 in EIDL proceeds for 88 Tingler Lane, LLC and that approximately $100.00 was withheld for fees. Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations concerning the SBA's internal processing and therefore denies the same.

**195.** Defendant admits that the Loan Authorization and Agreement contained provisions concerning the use of EIDL proceeds but denies **Plaintiff's allegation** that Defendant or 88 Tingler Lane, LLC violated those provisions.

**196.** Defendant denies the allegations contained in Paragraph 196.

**197.** Defendant admits that FLA Galeon LLC is a Florida limited liability company and admits that Articles of Organization were submitted to the Florida Secretary of State on or about April 11, 2019.

**198.** Defendant admits that he held an ownership interest in FLA Galeon LLC.

**199.** The allegations contained in Paragraph 199 state legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations.

**200.** Defendant admits that FLA Galeon LLC was administratively dissolved on or about September 26, 2025.

**201.** Defendant admits that an EIDL application for FLA Galeon LLC was submitted to the SBA on or about April 1, 2020, and admits that he was listed as the primary contact for FLA Galeon LLC. Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations regarding the specific preparation and submission process and therefore denies the same.

**202.** Defendant admits that on or about July 28, 2020, he electronically signed a Loan Authorization and Agreement on behalf of FLA Galeon LLC and that the SBA approved an EIDL in the amount of approximately $150,000.00.

**203.** Defendant admits that on or about July 28, 2020, he executed a promissory note and security agreement on behalf of FLA Galeon LLC in connection with the EIDL.

**204.** Defendant admits that the Loan Authorization and Agreement contains language substantially similar to that quoted in Paragraph 204. Defendant denies **Plaintiff's allegation** that any certification made by Defendant was false.

**205.** Defendant admits that the application reflected gross receipts/sales of approximately $320,332.00 and costs of goods sold of $0.00. Defendant admits that the 2019 tax documents reflected gross revenue of approximately $97,323.00. Defendant denies **Plaintiff's allegation** that the representations contained in the application were false and denies the remaining allegations contained in Paragraph 205.

**206.** Defendant admits that the application reflected rental property losses of approximately $320,332.00. Defendant denies **Plaintiff's allegation** that such figure was improper, inflated, false, or otherwise rendered the application ineligible.

**207.** Defendant denies the allegations contained in Paragraph 207.

**208.** Defendant denies the allegations contained in Paragraph 208.

**209.** Defendant admits that the SBA disbursed approximately $149,900.00 in EIDL proceeds for FLA Galeon LLC and that approximately $100.00 was withheld for fees. Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations concerning the SBA's internal processing and therefore denies the same.

**210.** Defendant admits that the Loan Authorization and Agreement contained provisions concerning the use of EIDL proceeds but denies **Plaintiff's allegation** that Defendant or FLA Galeon LLC violated those provisions.

**211.** Defendant denies the allegations contained in Paragraph 211.

**212.** Defendant admits that J.A.K. Professionals Inc. is a North Carolina corporation and admits that Articles of Incorporation were submitted to the North Carolina Secretary of State on or about December 14, 2007.

**213.** Defendant admits that he was the owner of J.A.K. Professionals Inc.

**214.** The allegations contained in Paragraph 214 state legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations.

**215.** Defendant admits that J.A.K. Professionals Inc. was administratively dissolved on or about November 12, 2024.

**216.** Defendant admits that an EIDL application for J.A.K. Professionals Inc. was submitted to the SBA on or about August 6, 2020, and admits that he was listed as the primary contact for J.A.K. Professionals Inc. Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations regarding the specific preparation and submission process and therefore denies the same.

**217.** Defendant admits that on or about August 28, 2020, he electronically signed a Loan Authorization and Agreement. Defendant denies the remaining allegations contained in Paragraph 217 and specifically denies that the Loan Authorization and Agreement provided for an EIDL to FLA Galeon LLC as alleged therein.

**218.** Defendant admits that on or about August 28, 2020, he executed a promissory note and security agreement on behalf of J.A.K. Professionals Inc. in connection with the EIDL.

**219.** Defendant admits that the Loan Authorization and Agreement contains language substantially similar to that quoted in Paragraph 219. Defendant denies **Plaintiff's allegation** that any certification made by Defendant was false.

**220.** Defendant admits that the application reflected gross receipts/sales of approximately $391,320.00 and costs of goods sold of $0.00. Defendant admits that the 2019 tax documents

reflected gross revenue of approximately $0.00. Defendant denies **Plaintiff's allegation** that the representations contained in the application were false and denies the remaining allegations contained in Paragraph 220.

**221.** Defendant admits that the application reflected rental property losses of approximately $391,320.00. Defendant denies **Plaintiff's allegation** that such figure was improper, inflated, false, or otherwise rendered the application ineligible.

**222.** Defendant denies the allegations contained in Paragraph 222.

**223.** Defendant denies the allegations contained in Paragraph 223.

**224.** Defendant admits that the SBA disbursed approximately $149,900.00 in EIDL proceeds and that approximately $100.00 was withheld for fees. Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations concerning the SBA's internal processing and therefore denies the same.

**225.** Defendant admits that the Loan Authorization and Agreement contained provisions concerning the use of EIDL proceeds but denies **Plaintiff's allegation** that Defendant or J.A.K. Professionals Inc. violated those provisions.

**226.** Defendant denies the allegations contained in Paragraph 226.

**227.** Defendant admits that Fun in the Sun Rentals, LLC is a North Carolina limited liability company and admits that Articles of Organization were submitted to the North Carolina Secretary of State on or about February 23, 2015. Defendant further admits that he was listed as the registered agent.

**228.** Defendant admits that Fun in the Sun Rentals, LLC was owned approximately 98% by Stellar Beach Rentals LLC and approximately 2% by Defendant. Defendant further admits that he was the owner of Stellar Beach Rentals LLC.

**229.** The allegations contained in Paragraph 229 state legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations.

**230.** Defendant admits that Fun in the Sun Rentals, LLC was administratively dissolved on or about May 27, 2025.

**231.** Defendant admits that an EIDL application for Fun in the Sun Rentals LLC was submitted to the SBA on or about April 1, 2020, and admits that he was listed as the primary contact for Fun in the Sun Rentals LLC. Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations regarding the specific preparation and submission process and therefore denies the same.

**232.** Defendant admits that on or about July 14, 2020, he electronically signed a Loan Authorization and Agreement on behalf of Fun in the Sun Rentals LLC and that the SBA approved an EIDL in the amount of approximately $126,000.00.

**233.** Defendant admits that on or about July 14, 2020, he executed a promissory note and security agreement on behalf of Fun in the Sun Rentals LLC in connection with the EIDL.

**234.** Defendant admits that the Loan Authorization and Agreement contains language substantially similar to that quoted in Paragraph 234. Defendant denies **Plaintiff's allegation** that any certification made by Defendant was false.

**235.** Defendant admits that the application reflected gross receipts/sales of approximately $254,000.00 and costs of goods sold of $0.00. Defendant admits that the 2019 tax documents reflected gross revenue of approximately $202,873.00. Defendant denies **Plaintiff's allegation** that the representations contained in the application were false and denies the remaining allegations contained in Paragraph 235.

**236.** Defendant admits that the application reflected rental property losses of approximately $254,000.00. Defendant denies **Plaintiff's allegation** that such figure was improper, inflated, false, or otherwise rendered the application ineligible.

**237.** Defendant denies the allegations contained in Paragraph 237.

**238.** Defendant denies the allegations contained in Paragraph 238.

**239.** Defendant admits that the SBA disbursed approximately $125,900.00 in EIDL proceeds for Fun in the Sun Rentals LLC and that approximately $100.00 was withheld for fees. Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations concerning the SBA's internal processing and therefore denies the same.

**240.** Defendant admits that the Loan Authorization and Agreement contained provisions concerning the use of EIDL proceeds but denies **Plaintiff's allegation** that Defendant or Fun in the Sun Rentals LLC violated those provisions.

**241.** Defendant denies the allegations contained in Paragraph 241.

**242.** Defendant admits that 1 Sandpiper, LLC is a Florida limited liability company and admits that Articles of Organization were submitted to the Florida Secretary of State on or about December 17, 2015.

**243.** Defendant admits that he held an ownership interest in 1 Sandpiper, LLC.

**244.** The allegations contained in Paragraph 244 state legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations.

**245.** Defendant admits that 1 Sandpiper, LLC filed a Chapter 11 bankruptcy petition on or about May 15, 2025.

**246.** Defendant admits that an EIDL application for 1 Sandpiper, LLC was submitted to the SBA on or about March 31, 2020, and admits that he was listed as the primary contact for 1 Sandpiper, LLC. Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations regarding the specific preparation and submission process and therefore denies the same.

**247.** Defendant admits that on or about June 10, 2020, he electronically signed a Loan Authorization and Agreement on behalf of 1 Sandpiper, LLC and that the SBA approved an EIDL in the amount of approximately $150,000.00.

**248.** Defendant admits that on or about June 10, 2020, he executed a promissory note and security agreement on behalf of 1 Sandpiper, LLC in connection with the EIDL.

**249.** Defendant admits that the Loan Authorization and Agreement contains language substantially similar to that quoted in Paragraph 249. Defendant denies **Plaintiff's allegation** that any certification made by Defendant was false.

**250.** Defendant admits that the application reflected gross receipts/sales of approximately $612,921.00 and costs of goods sold of $0.00. Defendant admits that the 2019 tax documents reflected gross revenue of approximately $523,221.00. Defendant denies **Plaintiff's allegation** that the representations contained in the application were false and denies the remaining allegations contained in Paragraph 250.

**251.** Defendant admits that the application reflected rental property losses of approximately $612,921.00. Defendant denies **Plaintiff's allegation** that such figure was improper, inflated, false, or otherwise rendered the application ineligible.

**252.** Defendant denies the allegations contained in Paragraph 252.

**253.** Defendant admits that the SBA disbursed approximately $149,900.00 in EIDL proceeds for 1 Sandpiper, LLC and that approximately $100.00 was withheld for fees. Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations concerning the SBA's internal processing and therefore denies the same.

**254.** Defendant admits that the Loan Authorization and Agreement contained provisions concerning the use of EIDL proceeds but denies **Plaintiff's allegation** that Defendant or 1 Sandpiper, LLC violated those provisions.

**255.** Defendant denies the allegations contained in Paragraph 255.

**256.** Defendant admits that an application for an increase in EIDL funding was submitted for 1 Sandpiper, LLC on or about March 22, 2022, and admits that the application was denied. Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations concerning the SBA's internal review and decision-making process and therefore denies the same.

**257.** Defendant admits that Stellar Beach Realty & Rentals LLC is a North Carolina limited liability company and admits that Articles of Organization were submitted to the North Carolina Secretary of State on or about August 19, 2016. Defendant further admits that he was listed as the registered agent.

**258.** Defendant admits that he and his wife held ownership interests in Stellar Beach Realty & Rentals LLC. Defendant lacks knowledge or information sufficient to admit or deny the precise ownership percentages alleged and therefore denies the same.

**259.** The allegations contained in Paragraph 259 state legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations.

**260.** Defendant admits that Stellar Beach Realty & Rentals LLC was administratively dissolved on or about November 21, 2025.

261. Defendant admits that an EIDL application for Stellar Beach Realty & Rentals LLC was submitted to the SBA on or about April 1, 2020, and admits that he was listed as the primary contact for Stellar Beach Realty & Rentals LLC. Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations regarding the specific preparation and submission process and therefore denies the same.

262. Defendant admits that on or about July 14, 2020, he electronically signed a Loan Authorization and Agreement on behalf of Stellar Beach Realty & Rentals LLC and that the SBA approved an EIDL in the amount of approximately $150,000.00.

263. Defendant admits that on or about July 14, 2020, he executed a promissory note and security agreement on behalf of Stellar Beach Realty & Rentals LLC in connection with the EIDL.

264. Defendant admits that the Loan Authorization and Agreement contains language substantially similar to that quoted in Paragraph 264. Defendant denies Plaintiff's allegation that any certification made by Defendant was false.

265. Defendant denies the allegations contained in Paragraph 265.

266. Defendant denies the allegations contained in Paragraph 266.

267. Defendant admits that the SBA disbursed approximately $149,900.00 in EIDL proceeds for Stellar Beach Realty & Rentals LLC and that approximately $100.00 was withheld for fees. Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations concerning the SBA's internal processing and therefore denies the same.

268. Defendant admits that the Loan Authorization and Agreement contained provisions concerning the use of EIDL proceeds but denies Plaintiff's allegation that Defendant or Stellar Beach Realty & Rentals LLC violated those provisions.

269. Defendant denies the allegations contained in Paragraph 269.

270. Defendant admits that EIDL applications were submitted for certain entities identified in Paragraph 270 and admits that certain applications were denied. Defendant denies that the

applications contained false or inflated revenue numbers and denies the remaining allegations contained in Paragraph 270.

271. Defendant admits that PPP loans were obtained for certain entities and that PPP loan forgiveness was subsequently granted. Defendant denies that any borrower was ineligible for a PPP loan, denies that any PPP forgiveness application contained false information, denies that any forgiveness was improperly granted based on false information, and denies the remaining allegations contained in Paragraph 271.

272. Defendant admits that PPP loan forgiveness was granted with respect to a PPP loan obtained by 119 Ocean LLC. Defendant lacks knowledge or information sufficient to admit or deny the specific allegations regarding employee counts, payroll amounts, and the basis for the SBA's conclusions and therefore denies the same. Defendant further denies that any false information was knowingly submitted in connection with the PPP loan forgiveness application and denies the remaining allegations contained in Paragraph 272.

273. Defendant admits that PPP loan forgiveness was granted with respect to a PPP loan obtained by 1 Sandpiper, LLC. Defendant lacks knowledge or information sufficient to admit or deny the specific allegations regarding employee counts, payroll amounts, and the basis for the SBA's conclusions and therefore denies the same. Defendant further denies that any false information was knowingly submitted in connection with the PPP loan forgiveness application and denies the remaining allegations contained in Paragraph 273.

274. Defendant incorporates his responses to the preceding paragraphs as though fully set forth herein.

275. The allegations contained in Paragraph 275 state legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations.

276. Defendant denies the allegations contained in Paragraph 276.

277. Defendant denies the allegations contained in Paragraph 277.

278. Defendant denies the allegations contained in Paragraph 278.

279. Defendant denies the allegations contained in Paragraph 279.

280. Defendant incorporates his responses to the preceding paragraphs as though fully set forth herein.

281. The allegations contained in Paragraph 281 state legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations.

282. Defendant denies the allegations contained in Paragraph 282.

283. Defendant denies the allegations contained in Paragraph 283.

284. Defendant denies the allegations contained in Paragraph 284.

285. Defendant denies the allegations contained in Paragraph 285.

286. Defendant incorporates his responses to the preceding paragraphs as though fully set forth herein.

287. The allegations contained in Paragraph 287 state legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations.

288. Defendant admits that the Loan Authorization and Agreement contains language substantially similar to that quoted in Paragraph 288.

289. Defendant denies the allegations contained in Paragraph 289.

290. Defendant denies the allegations contained in Paragraph 290.

291. Defendant denies the allegations contained in Paragraph 291.

292. Defendant denies the allegations contained in Paragraph 292.

293. Defendant incorporates his responses to the preceding paragraphs as though fully set forth herein.

294. Defendant denies the allegations contained in Paragraph 294.

295. Defendant denies the allegations contained in Paragraph 295.

296. Defendant denies the allegations contained in Paragraph 296.

297. Defendant incorporates his responses to the preceding paragraphs as though fully set forth herein.

298. Defendant denies the allegations contained in Paragraph 298.

299. Defendant denies the allegations contained in Paragraph 299.

300. Defendant denies the allegations contained in Paragraph 300.

301. Defendant incorporates his responses to the preceding paragraphs as though fully set forth herein.

302. Defendant admits that the Loan Authorization and Agreement contains language substantially similar to that quoted in Paragraph 302.

303. Defendant denies the allegations contained in Paragraph 303.

304. Defendant denies the allegations contained in Paragraph 304.

305. Defendant denies the allegations contained in Paragraph 305.

306. Defendant incorporates his responses to the preceding paragraphs as though fully set forth herein.

307. Defendant denies the allegations contained in Paragraph 307.

308. Defendant incorporates his responses to the preceding paragraphs as though fully set forth herein.

309. Defendant denies the allegations contained in Paragraph 309.

310. Defendant denies the allegations contained in Paragraph 310.

311. Defendant denies the allegations contained in Paragraph 311.

312. Defendant denies the allegations contained in Paragraph 312.

Defendant denies that Plaintiff is entitled to any of the relief requested in the Complaint, including but not limited to any determination of nondischargeability, damages, treble damages, civil penalties, statutory penalties, unjust enrichment recovery, payment-by-mistake recovery, interest, costs, attorneys' fees, or any other relief requested, and demands strict proof thereof.

WHEREFORE, Defendant respectfully requests that the Complaint be dismissed with prejudice, that judgment be entered in favor of Defendant, that Plaintiff take nothing by way of its Complaint, and that Defendant be awarded such other and further relief as the Court deems just and proper.

AFFIRMATIVE DEFENSES

Without assuming any burden of proof not otherwise imposed by law, and reserving the right to amend these defenses as discovery proceeds, Defendant asserts the following affirmative defenses:

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State a Claim)**

The Complaint, in whole or in part, fails to state facts sufficient to constitute a claim upon which relief may be granted against Defendant.

---

**SECOND AFFIRMATIVE DEFENSE**

**(Lack of Personal Liability)**

The loans and obligations alleged in the Complaint were incurred by separate legal entities, including limited liability companies and corporations. Defendant denies that he is personally liable for the obligations of such entities and denies that Plaintiff has established a legal basis to disregard the separate legal existence of such entities or otherwise impose personal liability upon Defendant.

---

**THIRD AFFIRMATIVE DEFENSE**
**(Good Faith and Lack of Intent)**
**Defendant acted in good faith at all relevant times and lacked any intent to deceive, defraud, or knowingly submit false information. To the extent Plaintiff's claims require proof of knowledge, fraudulent intent, or scienter, Defendant denies that Plaintiff can establish those required elements.**

---

**FOURTH AFFIRMATIVE DEFENSE**
**(Reasonable Reliance on Government and Lender Guidance)**
**Defendant reasonably relied upon guidance, instructions, and information made available by the Small Business Administration, participating lenders, and other authorized sources in preparing and submitting the loan applications at issue. To the extent Plaintiff's claims require proof that Defendant knowingly submitted false information or acted with fraudulent intent, Defendant denies that Plaintiff can establish those required elements.**

---

**FIFTH AFFIRMATIVE DEFENSE**
**(Failure to Establish Knowledge or Fraudulent Intent)**
**Plaintiff fails to establish the requisite knowledge, fraudulent intent, or scienter required to sustain the claims asserted in the Complaint.**

---

**SIXTH AFFIRMATIVE DEFENSE**

**(Failure to Establish Wrongful Misapplication of Funds)**

Defendant denies that EIDL proceeds were wrongfully misapplied. Defendant further denies that any use of loan proceeds constituted fraud, conversion, theft, embezzlement, intentional misuse, or any other wrongful conduct.

---

**SEVENTH AFFIRMATIVE DEFENSE**

**(Estoppel, Waiver, and Ratification)**

Plaintiff's claims are barred, in whole or in part, by the doctrines of estoppel, waiver, ratification, acquiescence, and related equitable principles to the extent Plaintiff, its agents, participating lenders, or other authorized parties reviewed, approved, funded, processed, serviced, modified, or otherwise accepted the transactions at issue.

---

**EIGHTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate)**

Plaintiff's recovery, if any, must be reduced to the extent Plaintiff failed to mitigate its alleged damages.

---

**NINTH AFFIRMATIVE DEFENSE**

**(Setoff, Recoupment, and Credit)**

Any recovery by Plaintiff must be reduced by any amounts previously recovered, credited, repaid, forgiven, offset, settled, collected, or otherwise received relating to the transactions alleged in the Complaint.

---

**TENTH AFFIRMATIVE DEFENSE**

**(Reservation of Additional Defenses)**

Defendant has not yet received all documents, records, communications, underwriting files, internal SBA materials, lender files, forgiveness records, loan files, internal guidance, calculations, or other information relevant to Plaintiff's claims. Accordingly, Defendant reserves the right to assert additional defenses, amend existing defenses, and supplement this Answer as permitted by the Federal Rules of Bankruptcy Procedure and any applicable orders of this Court.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Failure of Proof)**

Plaintiff bears the burden of proving each element of each claim asserted in the Complaint by the applicable standard of proof. Defendant denies that Plaintiff can satisfy that burden and demands strict proof of each allegation.

**WHEREFORE**

WHEREFORE, Defendant respectfully requests that:

1. The Complaint be dismissed with prejudice;
2. Judgment be entered in favor of Defendant;
3. Plaintiff take nothing by way of its Complaint;
4. Defendant be awarded such other and further relief as the Court deems just and proper.

Respectfully submitted this 31 day of July, 2026.

**John Adam Kozak**
Defendant, Pro Se

Address
308 Arborhill ln

Holly Spring NC 27540

Telephone

303-324-3844

Email

John@stellarbeach.com

Signature:



John Adam Kozak

**CERTIFICATE OF SERVICE**

I hereby certify that on this 31 day of July, 2026, I served a true and correct copy of the foregoing **Defendant's Answer to Complaint** upon counsel for Plaintiff by filing it through the Court's CM/ECF system, which will provide electronic notice to all registered participants.

If any party is not registered for electronic filing, a copy was served by depositing it in the United States Mail, first-class postage prepaid, addressed as follows:

Respectfully submitted,

John Adam Kozak